UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ISAURO AGUIRRE DIAZ,

Petitioner,

v.

WARDEN OF CENTRAL VALLEY ANNEX DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-09364-DAD-AC

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, GRANTING PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS*, AND DENYING PETITIONER'S MOTION TO APPOINT COUNSEL AND MOTION FOR TEMPORARY RESTRAINING AS MOOT

(Doc. Nos. 1, 2, 3, 4)

On November 13, 2026, petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion to proceed *in forma pauperis* (Doc. No. 2), a motion to appoint counsel (Doc. No. 3), and a motion for temporary restraining order (Doc. No. 4). On November 18, 2026, the court set a briefing schedule on the pending motion and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 6.) Respondents were further directed to state any opposition to the

/////

court's stated intention to rule on the underlying petition based on the current briefing before it as well as to provide substantive reasons in support of respondents' position in this regard. (*Id.*)

On November 18, 2026, respondents filed a combined response to the habeas petition and an opposition to the motion for temporary restraining order. (Doc. No. 8.) Therein, respondents argue that petitioner is lawfully detained pursuant to 8 U.S.C. § 1226(a). (*Id.* at 3–5.) Respondents have not stated any opposition to the court ruling directly on the merits of the petition based on the present briefing before it, and the court will do so.

Based upon the parties' submissions, the court finds the following facts. Petitioner last entered the United States in March 2005. (Doc. No. 1 at 9.) He was previously detained by ICE on December 26, 2017 and was released on bond on March 19, 2018. (Doc. Nos. 1 at 12; 8 at 10–18, 21.) Petitioner was re-detained by ICE on August 27, 2026. (Doc. Nos. 1 at 19; 8 at 21.) Petitioner was provided a Notice of Custody Determination on September 4, 2026, and he requested that an immigration judge ("IJ") review the custody determination. (Doc. No. 8 at 37.) Petitioner states that he was not told why he was detained or given any information regarding a warrant for his detention. (Doc. No. 1 at 20.) Respondents have not provided argument or documentation to suggest that petitioner was re-detained pursuant to a warrant. Respondents represent that petitioner is scheduled for a custody re-determination hearing before an IJ on November 23, 2026. (Doc. No. 8 at 2.)

First, the court incorporates the reasoning set forth in *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-cv-05661-DAD-SCR (HC), 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026), in which the court determined that failure to arrest following the issuance of a warrant and failure to provide an initial custody determination either prior to or contemporaneously with detention, as required by § 1226(a), mandates a petitioner's release. Here, respondent has not come forward with any evidence that petitioner was arrested pursuant to a warrant and petitioner has not provided an initial custody determination for over a week following his re-detention. Therefore, petitioner is entitled to habeas relief in the form of an order requiring that he be released from custody.

/////

Next, the court incorporates its reasoning set forth in *Escamilla-Santiago v. Andrews*, No. 1:26-cv-07443-DAD-CSK (HC), 2026 WL 3206205 (E.D. Cal. Oct. 26, 2026), in which the court determined that failure to promptly provide a custody redetermination hearing following a petitioner's request for such a hearing is a due process violation and the proper remedy for that violation is the petitioner's release.

Finally, the court incorporates its reasoning set forth in *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083, at *3–5 (E.D. Cal. Nov. 21, 2025), where the court concluded that due process required a pre-detention hearing to protect the petitioner's liberty interest in his continued release, in light of his prior release from immigration detention. Here, as discussed above, petitioner was previously released from immigration detention on bond in 2018. (Doc. Nos. 1 at 12; 8 at 21.) Accordingly, the court will grant petitioner's petition for writ of habeas corpus on the merits and order his immediate release.

For the reasons above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
   a. Respondents are ORDERED to immediately release petitioner Isauro Aguirre Diaz, A-File No. 206-905-439, from respondents' custody under the same conditions, if any, he was subject to prior to his re-detention on or about August 27, 2026;
   b. Respondents are ENJOINED and RESTRAINED from re-detaining petitioner unless they provide petitioner with notice and a pre-detention hearing before an immigration judge, at which hearing the government will have the burden of establishing that petitioner is a danger or flight risk by clear and convincing evidence;
2. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED;
3. Petitioner's motion to appoint counsel (Doc. No. 3) and motion for temporary restraining order (Doc. No. 4) are DENIED as having been rendered moot by this order granting him habeas relief;

4. The Clerk of the Court is directed to serve a copy of this order on the Central Valley Annex Detention Facility; and

5. The Clerk of the Court is also directed to enter judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **November 19, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE